IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                        No. CR 16-4007 JB

CHARLEY JOE, JR.,

    Defendant.

## UNSEALED[1] MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum and Objections to Presentence Report, filed September 19, 2017 (Doc. 38)("Objection"). The Court held a sentencing hearing on October 3, 2017. The primary issue is whether the vulnerable victim enhancement in U.S.S.G. § 3A1.1(b)(1) applies to Defendant Charley Joe, whose victim had cerebral palsy and could use only the right side of his body. The Court will overrule Joe's Objection to the application of the vulnerable victim enhancement in the Presentence Investigation Report, filed June 7, 2017 (Doc. 31)("PSR").

## FACTUAL BACKGROUND

Joe and his brother, the victim, are registered members of the Navajo Nation and lived on

---

[1]In its Sealed Memorandum Opinion and Order, filed April 25, 2018 (Doc. 42)("Sealed MOO"), the Court ordered that the parties "send to the Court any proposed redactions, if any are necessary to protect confidential information, within ten calendar days. After ten calendar days, the Court will file a public version of this Memorandum Opinion and Order." Sealed MOO at 1 n.1. To date, the parties have not contacted the Court or made any filings within CM/ECF to indicate that they have any proposed redactions. Consequently, the Court is now re-filing the Sealed MOO in an unsealed form. Except for this footnote, this Memorandum Opinion and Order is identical to the Sealed MOO.

the Navajo Nation Indian Reservation. See PSR ¶ 10, at 4.[2] The two brothers had a bad relationship; Joe "drank a lot, which would cause frequent arguments with the victim." PSR ¶ 12, at 4. One day, they got into an altercation, in which the victim "started hitting" Joe, "punching him in the mouth, nose, and eye." PSR ¶ 16, at 5. Eventually, Joe used an axe against his brother, killing him. See PSR ¶ 17, at 5. The Office of the Medical Investigator determined that the cause of death was "chop wounds." PSR ¶ 18, at 6.

The victim "was born with cerebral palsy and only had the use of the right side of his body." Addendum to the Presentence Report at 1, filed September 27, 2017 (Doc. 39)("Addendum"). Joe "was fully aware of his brother's medical condition." Addendum at 1. Although "the victim reportedly did not let his disability stop him from completing daily activities, cerebral palsy did limit the victim in his movement." Addendum at 1. Many "of the victim's injuries were sustained on the left side of his body, which the victim could not use." Addendum at 1.

**PROCEDURAL BACKGROUND**

On October 12, 2016, a federal grand jury indicted Joe for one count of voluntary manslaughter "in violation of 18 U.S.C. §§ 1153 and 1112." Indictment at 1, filed October 12, 2016 (Doc. 11). Joe pled guilty to the Indictment. See Plea Minute Sheet at 1, filed March 23, 2017 (Doc. 29). The PSR assigned Joe a base offense level of 29 and a criminal history category of one. See PSR ¶¶ 32, 46, at 8-9. The PSR adds 2 levels to Joe's offense level based on the vulnerable victim enhancement. See PSR ¶ 34, at 8.

---

[2]At the sentencing hearing, there were no objections to the factual findings in the PSR, and the Court adopted them as its own factual findings. See Draft Transcript of Sentencing Hearing at 46:11-13 (taken October 3, 2017)(Court). The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited versions; any final transcript may contain slightly different page and/or line numbers.

## ANALYSIS

Under U.S.S.G. § 3A1.1(b)(1), "if the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels." "Vulnerable victim" is defined as a person "who is a victim of the offense of conviction . . . and who is unusually vulnerable due to age, physical or mental condition, or who is otherwise particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1(b)(1) App. Note 2. The vulnerable victim enhancement applies "to offenses involving an unusually vulnerable victim in which the defendant knows or should have known of the victim's unusual vulnerability." U.S.S.G. § 3A1.1(b)(1) App. Note 2.

Joe argues that his brother does not qualify as a vulnerable victim. See Objection at 1. He asserts that "neither the government nor United States Probation has provided any evidence to show that Mr. Joe selected his brother as a victim due to his age or his disability." Objection at 3. He further argues that the vulnerable victim enhancement "does not apply because the government has not shown that the victim in this matter was unusually vulnerable due to some other characteristic." Objection at 4. According to Joe, "[t]he simple fact that Mr. Joe's brother suffered from cerebral palsy is not, in and of itself, sufficient to apply the 2 level enhancement." Objection at 4.

The United States Court of Appeals for the Tenth Circuit has written extensively on the vulnerable victim enhancement.

> The status of "vulnerable victim" hinges on the idea that some characteristic renders a victim "particularly susceptible" to the criminal conduct. In other words, the "vulnerable victim" is someone who is unable to protect himself or herself from criminal conduct, and is therefore in need of greater societal protection than the average citizen.

United States v. Shumway, 112 F.3d 1413, 1423 (10th Cir. 1997). "The Guidelines' enhancement, however, is reserved for exceptional cases in which the victim is *unusually* vulnerable or *particularly susceptible* to the crime committed." United States v. Proffit, 304 F.3d 1001, 1007 (10th Cir. 2002)(emphasis in original).

"In assessing vulnerability, the sentencing court must make an individualized determination; it is not enough that a victim belongs to a class generally considered vulnerable." United States v. Scott, 529 F.3d 1290, 1300-01 (10th Cir. 2008). "Not only must there be particularized evidence of a victim's vulnerability, but the evidence must also distinguish the victim as atypical of the usual targets of the relevant criminal conduct." United States v. Caballero, 277 F.3d 1235, 1251 (10th Cir. 2002). "Specifically, the enhancement should apply when the victim is less able to resist than the typical victim and requires greater societal protection." United States v. Scott, 529 F.3d at 1300 (internal quotation marks and citation omitted).

The Tenth Circuit has rejected the vulnerable victim enhancement on the basis of advanced age alone. See United States v. Smith, 930 F.2d 1450, 1455 (10th Cir. 1991). The Tenth Circuit has also rejected the vulnerable victim enhancement on the basis of illness alone, holding that "allowing a vulnerable victim enhancement based on illness alone would suggest that sick individuals as a group qualify as 'vulnerable victims.'" United States v. Proffit, 304 F.3d at 1008. "Our prior cases reject the granting of vulnerable victim status to members of a group." United States v. Proffit, 304 F.3d at 1008. "In a sentencing proceeding, the United States need only prove the existence of a fact relevant to sentencing by a preponderance of the evidence, rather than beyond a reasonable doubt." United States v. Vigil, 476 F. Supp. 2d 1231, 1249 (D.N.M. 2007)(Browning, J.). See United States v. O'Brien, 560 U.S. 218, 224

(2010)("Sentencing factors . . . can be proved to a judge at sentencing by a preponderance of the evidence.").

Here, Joe killed the victim with an axe. See PSR ¶ 19, at 6. The victim had cerebral palsy, was partially paralyzed, and "only had use of the right side of his body." United States' Response in Opposition to Sentencing Memorandum and Objections to the Presentence Report at 4, filed October 2, 2017 (Doc. 40)("Response"). See Addendum at 1 (explaining that the victim "only had the use of the right side of his body"). Joe "drank a lot, which would cause frequent arguments with the victim." PSR ¶ 12, at 4. Even though Joe "lived in the hogan next to the main house, he and the victim would share use of the house, kitchen, and restroom." PSR ¶ 13, at 4. On these facts, the Court concludes that Joe "knew or should have known that a victim of the offense was a vulnerable victim." U.S.S.G. § 3A1.1(b)(1). See Addendum at 1 (noting that "the defendant was fully aware of his brother's medical condition"). That the victim could only use one side of his body because of his cerebral palsy made him "unusually vulnerable due to . . . physical or mental condition," and "particularly susceptible to the criminal conduct." U.S.S.G. § 3A1.1(b)(1) App. Note 2. Further, that the victim was partially paralyzed and could use only part of his body made him "unable to protect himself or herself from criminal conduct, and is therefore in need of greater societal protection than the average citizen." United States v. Shumway, 112 F.3d at 1423.

The Court specifically does not hold that all individuals with cerebral palsy are "vulnerable victims." "In assessing vulnerability, the sentencing court must make an individualized determination; it is not enough that a victim belongs to a class generally considered vulnerable." United States v. Scott, 529 F.3d at 1300-01. "Not only must there be particularized evidence of a victim's vulnerability, but the evidence must also distinguish the

victim as atypical of the usual targets of the relevant criminal conduct." United States v. Caballero, 277 F.3d at 1251.

Here, there is "particularized evidence" of the victim's vulnerability, namely, that he could use only the right side of his body. Response at 4. Cerebral palsy does not affect all afflicted individuals in the same way.

> The symptoms of CP vary from person to person. A person with severe CP might need to use special equipment to be able to walk, or might not be able to walk at all and might need lifelong care. A person with mild CP, on the other hand, might walk a little awkwardly, but might not need any special help.

"Basics About Cerebral Palsy," Centers for Disease Control and Prevention, https://www.cdc.gov/ncbddd/cp/facts.html (last viewed April 20, 2018). The Court holds that there is "particularized evidence" of the individual victim's vulnerability, because his cerebral palsy disabled one side of his body, and not because he belongs to a class generally considered vulnerable, i.e. individuals with cerebral palsy.

Further, the victim was "atypical of the usual targets of the relevant criminal conduct." United States v. Caballero, 277 F.3d at 1251. People with the victim's level of paralysis are not the usual targets of homicide. Indeed, that the victim could use only one side of his body is the definition of someone who "is less able to resist than the typical victim and requires greater societal protection." United States v. Scott, 529 F.3d at 1300. Finally, the Court specifically does not hold that the victim qualifies as a vulnerable victim because of his age alone. The Tenth Circuit has rejected the vulnerable victim enhancement on the basis of advanced age alone. See United States v. Smith, 930 F.2d at 1455.

Joe argues that the vulnerable victim enhancement should not apply, because no evidence exists showing that Joe selected his victim because of the victim's vulnerability. See Objection at 3 (citing United States v. Malone, 78 F.3d 518, 522 (11th Cir. 1996)); Objection at 17 ("[T]he

government has not shown that Mr. Joe selected . . . his victim because of . . . age or infirmity.").  Although the United States Courts of Appeals for the Second and Eleventh Circuits have held that a defendant must select his victim because of the victim's vulnerability for the enhancement to apply, see United States v. Kerley, 544 F.3d 172, 180 (2d Cir. 2008); United States v. Malone, 78 F.3d 518, 522 (11th Cir. 1996), such an interpretation contravenes the Guidelines' text and is not the Tenth Circuit's position.

> Defendants also argue the enhancement was improper because none of the evidence indicates they specifically targeted Murray because of any particular vulnerability. The argument is frivolous. We have already stated on several occasions that section 3A1.1(b) does not require a finding that the defendant intentionally targeted the victim because of the victim's vulnerability.

United States v. Checora, 175 F.3d 782, 789 n.4 (10th Cir. 1999).  That interpretation is consistent with the Guidelines' text.  The Guidelines state: "If the defendant knew or should have known that a victim of the offense was a vulnerable victim, increase by 2 levels."  U.S.S.G. § 3A1.1(b)(1).  The relevant Guideline does not say that the defendant must have selected the victim <u>because of</u> the victim's vulnerability.  In contrast, the sentencing guideline listed immediately before the vulnerable victim enhancement states that, if

> the court at sentencing determines beyond a reasonable doubt that the defendant <u>intentionally selected</u> any victim or any property as the object of the offense of conviction <u>because of</u> the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, <u>disability</u>, or sexual orientation of any person, increase by 3 levels.

U.S.S.G. § 3A1.1(a)(emphasis added).  In other words, the Guidelines specifically create different sentencing enhancements based on a defendant's mens rea.  If the defendant intentionally selected the victim because of the victim's disability, a 3-level enhancement applies.  See U.S.S.G. § 3A1.1(a).  If the defendant only knew or should have known of the victim's vulnerability, a 2-level enhancement applies.  See U.S.S.G. § 3A1.1(b)(1).  Joe's

argument thus only shows why the 3-level enhancement, not at issue in this case, does not apply; his argument says nothing about whether the 2-level vulnerable victim enhancement applies. See Scalia: Portrait of a Man and Jurist at 46:26-46:37, YOUTUBE (Jan 13, 2018), https://www.youtube.com/watch?v=FlX1vNcZCkg (in which Justice Clarence Thomas explains Justice Antonin Scalia's view that "words matter, syntax matters . . . structure matters, it all matters").

**IT IS ORDERED** that the objections in the Sentencing Memorandum and Objections to Presentence Report, filed September 19, 2017 (Doc. 38), are overruled to the extent that they object to the applicability of the vulnerable victim enhancement.

                                                                                              _____
                                                                                              UNITED STATES DISTRICT JUDGE

*Counsel:*

James D. Tierney
  Acting United States Attorney
Elaine Y. Ramirez
Kristopher N. Houghton
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Devon M. Fooks
  Assistant Federal Public Defender
Office of the Federal Public Defender
Albuquerque, New Mexico

       *Attorney for the Defendant*